IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**Lakeisha Jones,**

   Plaintiff,

v.               Jury Trial Requested

**Sheriff of Cook County;**
**County of Cook, a unit of local government,**

   Defendants.

## Complaint

The plaintiff, Lakeisha Jones ("Plaintiff" or "Ms. Jones"), by and through her attorneys, seeks redress from the defendants, Sheriff of Cook County ("the Sheriff's Office") and County of Cook, a unit of local government ("Cook County") (collectively "Defendants"), for employment discrimination and retaliation, specifically for violations of The Americans with Disabilities Act.

### Jurisdiction and Venue

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132. The jurisdiction of this Court is conferred by 42 U.S.C. § 12133 and 28 U.S.C. §1343.

2. On or about June 27, 2016 Plaintiff sent to the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination, Charge No. 440-2016-04716, alleging disability discrimination, failure to provide appropriate accommodations for her disability, and retaliation for requesting

accommodations. The EEOC filed an official charge on Ms. Jones' behalf on August 4, 2016 (see Exhibit A, attached).

3. The EEOC dismissed the charge and issued Plaintiff a Notice of Suit Rights on January 4, 2017 (see Exhibit B, attached).

4. Plaintiff brings this action within 90 days of having received the Notice of Suit Rights.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) because all of the unlawful employment practices alleged herein occurred in this district.

## The Parties

6. Plaintiff is a resident of Cook County, Illinois and a former employee of the Sheriff's Office within the meaning of 42 U.S.C. 12111(4). At all relevant times, Plaintiff was disabled or regarded as disabled.

7. The Sheriff's Office is a political subdivision of the County of Cook, Illinois. At all times relevant hereto, the Sheriff's Office has conducted and continues to conduct business in the State of Illinois.

8. Cook County is a unit of local government in the State of Illinois, and is named as a party solely in its capacity as an indemnitor of the Sheriff's Office.

9. At all relevant times, Defendants employed more than fifteen employees.

Facts Common to all Claims

10. In or about December of 2002, Plaintiff was hired as a Deputy Sheriff assigned to the Court Services Division of the Sheriff's Office.

11. After giving birth in November of 2008, Ms. Jones experienced severe postpartum depression, and was forced to take a series of leaves of absence for the treatment of her condition. Ms. Jones worked hard to overcome her condition and was eventually cleared by her doctors to come back to work.

12. Ms. Jones' symptoms included depression, sadness, anxiety, and inability to cope with stressful or upsetting conditions.

13. After Ms. Jones first returned to work following the birth of her daughter, she was assigned to the child abuse and neglect courtrooms.

14. Working in those particular courtrooms caused aggravation of the symptoms of Ms. Jones' postpartum depression, because of the nature of the often emotionally devastating cases that came through those courtrooms.

15. Ms. Jones sought help through the Peer Support Group within the department. She also kept her supervisor (Sgt. Kris Wash) apprised of her struggle to cope with the stresses of working in that courtroom. Ms. Jones repeatedly sought accommodations in the form of transfers to other areas of the building that would not similarly aggravate her condition.

16. Sgt. Wash assisted in transferring her to other assignments. However, sometimes when Ms. Jones would be transferred to a different assignment, she would be transferred back to the child abuse and neglect courtrooms.

17. After having asked for accommodations several times and being repeatedly assigned back to the child abuse and neglect courtrooms, Ms. Jones' condition worsened and she was forced to take additional leaves of absence starting in or about October of 2012.

18. Starting in October of 2012 Ms. Jones received intense psychiatric treatment, a one-week hospitalization, therapy and medication management. During this leave of absence, Ms. Jones lost her authorization to carry a firearm, which is issued by the Illinois State Police in the form of a Firearm Owner's Identification Card ("FOID card"). Ms. Jones lost her FOID card due to her psychological condition.

19. In 2013, Ms. Jones was cleared to return to work as an unarmed Deputy Sheriff. She held this position for approximately two years without issue.

20. Ms. Jones' last disability leave was from April 16, 2015 until October 9, 2015.

21. During that leave, Ms. Jones contacted Human Resources Director Karen Tann repeatedly to attempt to arrange her transition back to work. She informed Ms. Tann that she would be physically and mentally capable of performing the position, and simply requested an accommodation in the form of an assignment that did not require her to carry a firearm. Ms. Tann was unresponsive, and then said there were no such positions available.

22. On October 15, 2015 the Sheriff's Office informed Ms. Jones that it could not accommodate her by returning her to an unarmed Deputy Sheriff position

because the Deputy Sheriff position required her to carry a gun, and she was not yet reauthorized to do so.

23. The Sheriff's Office later explained that possession of a FOID card was an essential function of the position of Deputy Sheriff in Court Services because it entailed the ability to "ensure the safety and security of courthouses."

24. At all relevant times, other Deputy Sheriffs assigned to the Court Services Division who temporarily lost their gun authorizations were permitted to work "desk duty," which did not require a FOID card. On information and belief, this accommodation was sometimes granted to individuals who lost their FOID cards due to misconduct, illness, or disability. On information and belief, certain Deputy Sheriffs were permitted to work without a FOID card for more than two years.

25. On information and belief, there were Deputy Sheriff positions available in October of 2015 that did not require possession of a FOID card.

26. When the Sheriff's Office informed Ms. Jones that she could no longer work as a Deputy Sheriff, it offered her a civilian position that would have constituted a demotion with significantly less pay. Ms. Jones declined the demotion and resigned from her employment.

27. On information and belief, the Sheriff's Office removed Ms. Jones from the position of Deputy Sheriff in part because of stereotypes it espoused that individuals struggling to overcome psychological or emotional disabilities were a danger to safety and unfit for the position of Deputy Sheriff.

## COUNT I
### ADA Discrimination and Failure to Accommodate

28. Paragraphs 1 through 27 are incorporated by reference as if fully set out herein.

29. At all relevant times, Plaintiff was disabled or regarded as disabled within the meaning of the ADA.

30. On information and belief, the Sheriff's Office was aware of Plaintiff's disability from at least 2010 until the present.

31. At the time that she requested to return to the unarmed deputy position in October of 2015, Plaintiff was able to perform all the essential functions of the position.

32. Plaintiff lost her FOID card due to severe postpartum depression. As a result, she requested that she be permitted to resume performing desk duty while she awaited reissuance of her FOID card.

33. The Sheriff's Office refused to provide Plaintiff reasonable accommodations in violation of the ADA. In particular, the Sheriff's Office refused to allow Ms. Jones to perform desk duty while she awaited the reissuance of her FOID card.

34. The Sheriff's Office provided the requested accommodation to similarly situated employees.

35. The Sheriff's Office removed Plaintiff from the position of Deputy Sheriff because of her actual or perceived disability.

36. Ms. Jones' subsequent resignation from employment with the Sheriff's Office was a constructive termination; at the time of her resignation, the Sheriff's Office had already informed Ms. Jones that she would be removed from her position as Deputy Sheriff, whether she agreed to a demotion or not.

## COUNT II
## ADA RETALIATION

37. Paragraphs 1 through 36 are incorporated by reference as if fully set out herein.

38. Plaintiff requested a disability accommodation in the form of desk duty while she awaited the reissuance of her FOID card.

39. Because Plaintiff requested this accommodation, the Sheriff's Office removed Plaintiff from her position as Deputy Sheriff and offered her a demotion as a condition of remaining employed.

40. The Sheriff's Office retaliated against Plaintiff as a direct result of her request for an accommodation of her disability.

Prayer for Relief

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and all persons in active concert or participation with it as follows:

A. Declare that the Sheriff's Office's demotion and constructive discharge of Ms. Jones was an unlawful employment practice in violation of the ADA;

B. Order that the Sheriff's Office reinstate Ms. Jones at the level of seniority, status, and compensation that she would have enjoyed had she remained employed continuously as a Deputy Sheriff, or provide appropriate front pay;

C. Order that Defendants pay appropriate back pay, including but not limited to the loss of wages and other benefits suffered by reason of the Sheriff's Office's failure or refusal to comply with the provisions of the ADA and the FMLA;

D. Order that Defendants pay Ms. Jones compensation for the emotional distress she suffered as a result of her termination;

E. Award Ms. Jones prejudgment interest in the amount of lost compensation found due; and

F. Award Ms. Jones reasonable attorney fees, expert witness fees, and other litigation expenses.

G. Grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully Submitted,

/s/ Rima Kapitan
One of Plaintiff's Attorneys

Rima N. Kapitan
Atty. No. 6286541
Yusra S. Gomaa
Atty. No. 6299883
Kapitan Law Office
P.O. Box 6779
Chicago, Illinois 60680
ygomaa@kapitanlaw.net
rima@kapitanlaw.net
Ph: 312-566-9590
Fax: 312-566-9591